IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURLEY JOHN BROUSSARD, JR.,

    Plaintiff,                      No. CIV S-09-2506 WBS DAD P

    vs.

LEA ANN CHRONES, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915, as well as several motions.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

I.  In Forma Pauperis Application

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

II. Screening of Plaintiff's Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

In his amended complaint, plaintiff must cure the following defects.  First, plaintiff has not clearly stated either the nature of or the constitutional basis for his claims.  Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Second, plaintiff must provide specific allegations concerning the involvement of each named defendant in the alleged deprivation of his federal constitutional or statutory rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In addition, supervisory personnel are generally not liable under § 1983 for the actions of their

1  employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a
2  supervisorial position, the causal link between him and the claimed constitutional violation must
3  be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>
4  <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).

5        Third, defendant California Correctional and Peace Officers Association is not a
6  proper defendant in this civil rights action. The Civil Rights Act under which this action was
7  filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983. The Association is not a "person" as required for a § 1983 action.

12        Fourth, if plaintiff is seeking to challenge a decision of the California Board of
13  Parole Hearings because he believes they relied on false disciplinary reports in denying him
14  release on parole, plaintiff must pursue such a claim in a habeas action. See <u>Butterfield v. Bail</u>,
15  120 F.3d 1023, 1024 (9th Cir. 1997) (concluding that Butterfield's allegations that false
16  information in his prison file was used to find him ineligible for parole implicates the validity of
17  the denial of parole, and thus, the challenge must be brought in a petition for a writ of habeas
18  corpus).

19        Plaintiff is informed that the court cannot refer to a prior pleading in order to
20  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
21  complaint be complete in itself without reference to any prior pleading. This is because, as a
22  general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375
23  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
24  longer serves any function in the case. Therefore, in an amended complaint, as in an original
25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
26  /////

III.  Motions to File an Amended Complaint

On November 6, 2009, plaintiff filed a motion to file an amended complaint in order to replace defendant Lea Ann Chrones with the State of California as a new defendant. The State of California is not a "person" and not a proper party in a § 1983 action such as this. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") ; Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. Dec. 14, 2004) (holding that the State of California may not be a defendant in a § 1983 action). Therefore, plaintiff's motion for leave to file an amended complaint will be denied.

On January 25, 2010, plaintiff filed a second motion for leave to file an amended complaint. The nature of plaintiff's proposed amendment is not made clear by this motion. Therefore, the second motion to amend will be denied as defective. However, in light of the court's dismissal of plaintiff's complaint with leave to file an amended complaint, plaintiff will be given the opportunity to clarify the nature of his claims and to name the proper defendants in this action.

IV.  Other Motions

On October 9, 2009 and January 25, 2010, plaintiff filed motions requesting the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

On January 25, 2010, plaintiff filed a motion styled, "Motion For Removal Of State Trial To Federal Court 28 U.S.C. § 1443." The motion is without merit. Court records

5

indicate that plaintiff is serving a sentence of 17 years to life in state prison for second degree murder.[1] See Broussard v. Chrones, CIV F-08-1926 GSA HC (E.D. Cal.). There is no civil action or criminal prosecution involving plaintiff pending in state court which could be the subject of removal to this court.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 24, 2009 application to proceed in forma pauperis (Doc. No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a § 1983 action.

6. Plaintiff's motions for the appointment of counsel (Doc. No. 6 and 10), filed on October 9, 2009 and January 25, 2010, are denied.

/////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    7.  Plaintiff's motions for leave to file an amended complaint (Doc. No. 7 and 11), filed on November 6, 2009 and January 25, 2010, are denied.

2    8.  Plaintiff's January 25, 2010 motion for removal of state trial to federal court (Doc. No. 12) is denied.

DATED: April 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brou2506.14+